UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 21-21336-CV-UNGARO

ROBERTO RODRIGUEZ,

    Plaintiff,

v.

WESTERN WORLD INSURANCE COMPANY,

    Defendant.
_____/

### PLAINTIFF(S)' NOTICE OF TAKING DEPOSITION *DUCES TECUM* OF DEFENDANT'S DESIGNATED CORPORATE REPRESENTATIVE(S) PURSUANT TO RULE 1.310(b)(6)

PLEASE TAKE NOTICE that Plaintiff(s) through the undersigned counsel will take the deposition, by oral examination of the following person(s) per **Fla. R .Civ. P. 1.310(b)(6)** as indicated below, before an associate or a deputy court reporter, or any other notary public or officer authorized by the law to take depositions in the State of Florida who is not of counsel to the parties or interested in the event of this cause.

| | |
|---|---|
| **Deponent:** | **Any and all witnesses designated as corporate representative(s) for defendant per Rule 1.310(b)(6) regarding the topics and subjects listed on Schedule "A," and documents listed on Schedule "B."** |
| **Date:** | **December 8th, 2021** |
| **Time:** | **10:00 am** |
| **Place:** | **Veritext – Virtual Appearance via Zoom** |

The Oral examination will continue from day to day until completed. This deposition is being taken for the purpose of discovery, for use at trial, or for such purposes permitted under the applicable and governing rules.

Further, as explained in <u>Carriage Hills Condominium. Inc. v. JBH</u>, 109 So. 3d 329 (Fla. 4th DCA 2013), the person designated by the Corporate Defendant to testify on its behalf as to the corporation's collective knowledge and position, shall testify on matters known or reasonably available to the defendant, of the subject matters described in Schedule "A" and of the documents listed in Schedule "B.". The deponent will not be asked to simply testify on matters within his or her personal knowledge, but rather will be asked to speak **on behalf of the Corporate Defendan**t and **will testify vicariously for said defendant** and provide complete, knowledgeable and binding answers on behalf of the Corporate Defendant.

If the defendant must designate different persons to testify on behalf of the corporation for different subjects listed in Schedule "A," please immediately inform the plaintiff(s) so that multiple depositions, times and locations may be arranged. Otherwise, it is presumed that the witness provided has the ability and knowledge to bind the Corporate Defendant on the subjects listed on Schedule "A" and as to documents listed in Schedule "B."

In an effort to expedite the deposition(s), plaintiff(s)' counsel request that the requested documents responsive to Schedule "B" be produced at least **ten (10) days** before the date of the deposition(s), to allow the parties to conduct the deposition quickly and efficiently. This will eliminate the need for plaintiff(s)' counsel having to review the documents for the first time at the deposition(s) with the deponent(s). Plaintiff(s) will reimburse deponent(s) for all reasonable costs associated in producing the requested documents prior to the depositions.

Further, to the extent any privilege or confidentiality is claimed to apply to the requested documents, the deponent(s) are directed to bring such responsive documents to the deposition(s) so that they can fully answer all of counsel's questioning. However, a Privilege Log as contemplated under Florida Rule of Civil Procedure 1.280 (b)(6) may be produced prior to and at the deposition(s) in lieu of the actual documents over which such claim(s) is asserted. Any such privileged documents are nonetheless requested

to be available at the deposition(s) for the deponent(s) to review during the deposition(s) in order to fully answer all questions. Such review will not be deemed a waiver of any claimed privilege.

If the defendant fails to fully comply with this request, plaintiff(s) will seek all remedies available under the law including sanctions.

*In accordance with the Americans with Disabilities Act of 1990, persons who are disabled, and who need a special accommodation to participate in this proceeding because of that disability, should contact this court division at (305) 831-7823 not later than five business days prior to the proceeding. The TDD line for the hearing impaired is (305) 831-8288.*

## DEFINITIONS AND INSTRUCTIONS

A.  "Person" and "persons" shall refer to individuals and entities, including but not limited to, joint owners, companies, partnerships, joint ventures, corporations, trusts and estates.

B.  "Document" and "documents" shall refer to and all written, recorded, or graphic matter, however produced or reproduced, of every kind and description, whether produced internally or received from outside sources, including, without limiting the generality of the foregoing, and all originals, copies, and drafts, of all papers, books, letters, correspondence, memoranda, catalogs, warranties, minutes of meetings, facsimiles transfer lists, shareholder lists, opinion letters, letters of understanding, letters of intent, private placement memoranda, SEC Form 504 Offer Statements, offering statements or circulars, memoranda of telephone conversations, telegrams, photographs, prospectus, drawings, sketches, feasibility studies, interoffice communications, patents, licenses, testing reports, laboratory reports, agreements, ledgers, books of account, summaries, computer print-outs, proposals, suggestions, legal pleadings, bills of sale, indemnity agreements, security agreements, account records, vouchers, checks, invoices, drafts, receipts, bills, statistical records, notebooks, calendars, appointment books, diaries, agendas, time sheets, logs, transaction files, credit reports, notations, notes, minutes of meetings, sound records, photo records or tape recordings or other data compilations from which information can be obtained, any transcriptions thereof, bulletins, circulars, press releases, notices, instructions, advertisements, work assignments, film, videotapes, film negatives, research, articles, treatises, and including all attachments and enclosures thereto.

C.  Documents shall also include matters stored in an electronic medium, such matters being, among others, voice mail messages and files; backup voice mail files; e-mail messages and files; word processing documents; spreadsheets; presentation documents; graphics; animations; images; instant messages and/or instant message logs; backup e-mail files; deleted e-mail data files; program files; backup and archived tapes; temporary files; system history files; website log files; cache files; cookies and other electronically recorded information.

D.  Electronic documents shall also include matters described as accurate data; deleted data; backup data; metadata; migrated data; replicate data; residual data; and legacy data.

E.  Locations on which electronic data may be found include, but are not limited to:
    a)  Individual computers;
    b)  Laptops;

   c) Data bases;
   e) E-mails;
   f) Servers;
   g) Home computers;
   h) Archives;
   i) Networks;
   j) Computer systems, including legacy systems;
   k) Backup tapes; and
   l) Internet data.

F. "All documents" and "each and every document," as used in herein means all documents of the class requested and includes all documents in the immediate possession and control of the deponent and or all documents that can be obtained from other persons subject to the direction and control of the deponent, including, but not limited to, agents, employees, officers, directors, attorney, accountants, subcontractors and consultants.

G. If any documents are withheld on a claim of privilege, kindly provide a written response setting forth the following information:
(a) identify the privilege claimed;
(b) state the date the document was prepared;
(c) state the author and recipient(s) of the document; and
(d) state the general subject matter of the document.

H. The parties serving this notice will require the production of original documents as stored in the ordinary course of business, or as segregated by category of response to which the documents are responsive. All documents produced in response to this notice shall be presumed to be authentic for all purposes, including, but not limited to, for use at trial and at any other proceedings in this matter. In either case, the parties serving this discovery request hereby demand an opportunity to inspect the file or container in which all documents responsive to this discovery request are stored.

I. The term "concerning" means relating to, referring to, describing, evidencing and/or constituting.

J. The conjunction "and" as well as the conjunction "or" shall each be interpreted in every instance as meaning "and/or" and shall not be interpreted so as to exclude any information otherwise within the scope of any discovery request.

K. As used herein the singular shall include, the plural, the plural shall include the singular, the masculine, feminine and neuter shall include each of the other genders.

L. "Any" shall include the word "all" and the word "all" shall include the word "any."

M. The deponents are requested to produce those documents that are in their possession, custody and control, as well as the possession, custody and control of his agents, representatives and employees.

N. "You" and "your" refer to the party who is being served with this subpoena, and all agents, representatives and/or employees acting or that has acted on your behalf.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via electronic mail this 30th day of April 2021 to: Troy J. Seibert, Esq., Vincent A. Fernandez, Esq., Butler Weihmuller Katz Craig LLP 400 N. Ashley Drive, Suite 2300, Tampa, Florida 33602. msmalls@butler.legal; srivera@butler.legal; rnorton@butler.legal; tseibert@butler.legal; vfernandez@butler.legal.

      **SIMPSON & MENA, P.A.**
      2250 Southwest Third Avenue, Suite 204
      Miami, Florida 33129
      Telephone: (305) 912-7665
      Facsimile:   (305) 503-9657
      Email: alexis@simpsonmenalaw.com
            katherine@simpsonemenalaw.com
            filings@simpsonmenalaw.com

By: /s/Alexis M. Mena
     **Alexis M. Mena, Esq.**
     Florida Bar No. 117839
     **Katherine Montaner-Simpson, Esq.**
     Florida Bar No. 449090

## SCHEDULE "A"
## (The subjects and areas of inquiry)

1. The Corporate Representative who can identify and explain the defendant's organization structure of the claims department responsible for handling first property insurance claims.

2. The Corporate Representative who can identify by full name and company title all those persons who have participated in making the decisions by or on behalf of defendant determining the value of plaintiff(s)' claim, to pay plaintiff(s)' claim or to withhold any payment(s) of insurance proceeds to the plaintiff(s) for her claim under the insurance policy.

3. The Corporate Representative who can identify and explain defendant's internal policies, procedures, manuals and guidelines regarding policy interpretation of a property insurance policy, as they apply to the subject policy issued to plaintiff(s).

4. The Corporate Representative who can identify and explain defendant's internal policies, manuals and guidelines regarding handling and processing of first party property insurance claims, as they apply to the subject claim filed by plaintiff(s).

5. The Corporate Representative who can identify and explain defendant's investigation, adjustment, and valuation of plaintiff(s)' claim.

6. The Corporate Representative who can identify and explain the factual basis and all policy language including endorsements and amendments upon which defendant's Answer is based, including all denials and Affirmative Defenses raised by defendant in this cause.

7. The Corporate Representative who can identify and explain how the events which occurred to cause plaintiff(s)' damages constitute events excluded from the coverage provided by the subject policy or why plaintiff(s)' claim and/or damages are not otherwise covered under the policy of insurance.

8. The Corporate Representative who can describe, comprehensively and in detail, any and all decisions made on behalf of defendant with regard to the adjustment, investigation, and payment or failure to pay plaintiff(s)' claim which is the subject of this lawsuit and the basis for those decisions.

9. The Corporate Representative who can testify regarding the date defendant reasonably anticipated litigation with plaintiff(s) for the subject claim and all circumstances which gave rise to the defendant's reasonable expectation or belief that litigation would ensue, result, or arise regarding plaintiff(s)' claim at issue in this lawsuit.

10. The Corporate Representative who can identify and explain defendant's responses to plaintiff(s)' discovery requests and all facts, documents and policy language which support defendant's responses to plaintiff(s)' discovery requests.

SIMPSON & MENA, P.A.
2250 Southwest Third Avenue ● Suite 204 ● Miami, Florida 33129 ● Telephone 305.912.7665

11. The Corporate Representative who can testify regarding the cause of loss that defendant attributed to plaintiff(s)' claim and all reasons for defendant's assignment of that cause of loss.

12. The Corporate Representative who can describe and state in detail and with specificity all damages to plaintiff(s)' insured property, caused, directly or indirectly, by the subject incident.

13. The Corporate Representative who can comprehensively discuss compliance with any post loss conditions and exclusions relied on by the defendant in denying or failing to fully compensate plaintiff(s)' loss, as well as the corresponding supporting facts, documents and policy language.

14. The Corporate Representative who can comprehensively discuss all documents, correspondence and emails sent by defendant in any way, shape or form to plaintiff(s)' or plaintiff(s)' representative(s) relating to the incident alleged in the Complaint at any time from the date of loss to the present date.

15. The Corporate Representative who can comprehensively discuss and explain in detail all photographs, communication, estimates and reports prepared by defendant for plaintiff(s)' loss.

16. The Corporate Representative who can comprehensively discuss and explain all the documents requested from plaintiff(s) or her representative prior to litigation, and the basis for requesting the same.

17. The Corporate Representative who can testify regarding the Underwriting file and its content.

## SCHEDULE "B"
**(The documents to be produced)**

1. All documents reviewed in preparation for this deposition.

2. All documents you will rely on in responding to the topics in Schedule "A" during this deposition.

3. For any documents withheld from paragraphs 1 and 2 above due to a claim of attorney-client privilege, work product privilege or any other claimed right of privilege, provide a Privilege Log pursuant to Florida Rule of Civil Procedure 1.280(b)(6).

4. The complete original written, printed, and electronic claim file(s) of defendant and its adjusters including all independent or third-party adjusters involved in adjusting, inspecting, and handling plaintiff(s)' claim or loss (cover-to-cover), from the home office, regional office and local office for the subject claim, including but not limited to:

   a) All letters, memoranda, and other forms of written or computerized communication to, or from any employee of defendant that concern, refer, or relate in any way to the adjusting, processing, or handling of the claim at issue in this action.

b) All written or computerized records of any oral communication, whether in person or by telephone, to or from any employee of defendant that concern, refer, or relate in any way to the processing of the subject claim.

c) All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee, representative or agent of defendant and plaintiff(s), or her representatives or agents that concern, refer, or relate in any way to the subject claim(s).

d) All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of defendant and any adjuster that concern, refer, or relate in any way to the subject claim(s).

e) All written or computerized records of any investigation or adjustment activities by defendant and its adjusters, from the date of loss through the earlier date of this lawsuit or the date litigation was first anticipated by defendant with regard to the subject claim.

f) All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, to or from any employee of defendant and its adjusters that concern, refer, or relate in any way to the decision to pay, deny, withhold, delay payment, or conditionally or partially pay plaintiff(s)' claim.

g) All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between plaintiff(s) and any employee of defendant and its adjusters that concern, refer, or relate in any way to the decision by any employee of defendant to pay, deny, withhold, delay payment, or conditionally or partially pay plaintiff(s)' claim.

h) All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of defendant and any third party that concern, refer, or relate in any way to the decision by any employee or agent of defendant to pay, deny, withhold, delay payment or conditionally or partially pay plaintiff(s)' claim.

i) All activity logs, diaries, claim notes or logs created by any adjuster, claim representative, manager, or supervisor of defendant or third party adjusters during the adjustment of plaintiff(s)' claim up until the date of this lawsuit or the date defendant reasonably anticipated litigation in connection with the claim at issue in this action.

j) The file folders in which the preceding documents are kept.

k) All reports and correspondence.

l) Tapes - video and audio.

m) Photographs and original negatives.

5. Copies of all documentation of whatever kind or nature in your possession, custody or control concerning the subject loss, and all files relating to plaintiff(s), and her claim for damages to the insured property, including but not limited to, certified copies of any applicable insurance policies, recorded statements, documentation of the claim such as proofs of loss, damage estimates, reports or memoranda by defendant's adjuster(s) regarding the extent of damage and the reasons for payment, delay of payment, withholding of payment, or denial of payment on the subject claim.

6. All checks reflecting payments made to plaintiff(s) to date.

7. A certified copy of the policy of insurance including declaration page, all endorsements and amendments in effect on the subject date of loss.

8. Copies of all summaries of statements made by plaintiff(s) and all recorded or transcribed statements and/or examinations under oath taken by you, your representative(s) and/or your attorneys of plaintiff(s).

9. Copies of any photographs and inspection reports of the insured property before the date of loss.

10. Copies of any photographs, inspection reports and estimates of damages of the insured property after the date of loss.

11. Any and all photographs and inspection reports, appraisal reports, roof and plumbing reports of the insured property received by the insurance carrier before and after the date of loss.

12. Copies of all correspondence, notices, reports or other communications between you and your representatives and plaintiff(s) and her representatives regarding the loss at the insured property.

13. Copies of all letters from defendant that make payment, deny payment, authorize payment or withhold payment for the subject claim.

14. Copies of all documents in your possession, custody or control relating to the insured property, including but not limited to: photographs, video tapes, estimates, sketches, drawings, field notes, estimates for damage(s), reports relied upon by you, reports prepared by you or reports prepared for you or on your behalf of the plaintiff(s) regarding the loss at the insured property.

15. Copies of all property damage inventories, estimates or reports prepared and received by you and upon which you relied in reaching your conclusions concerning valuation of the loss.

16. Copies of all other documents relied upon by you in reaching any conclusions regarding the plaintiff(s)' insurance claim and the coverage and payment decisions made on plaintiff(s)' claim, including all books, tables, depreciation tables, guides, price lists, whatsoever used by you in determining the valuation of the property or property damage sustained by the plaintiff(s), the methods of computation

used by you in arriving at valuation figures for the property, all reports, calculations, estimates and the like relied upon by you in arriving at any and all figures used in determining the damage to the property.

17. Any and all documents, statements, notes, measurements, test results and related materials relied upon by you in reaching your conclusion to make payment, deny payment, authorize payment or withhold payment of the subject claim.

18. All documents which indicate or support the date when defendant contends it first reasonably expected or anticipated litigation with plaintiff(s) and the reasons and factual circumstances which gave rise to that expectation or belief.

19. Copy of the underwriting file if defendant is making allegations of fraud, misrepresentation, bad faith or cancellation of the subject policy or if defendant is alleging the subject policy is voided for any reasons.

20. Defendant's Privilege Log prepared pursuant to Florida Rule of Civil Procedure 1.280(b)(6) identifying with particularity any and all documents withheld from defendant's response to the preceding paragraphs as privileged, confidential, or otherwise protected from discovery.