UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 21-21336-CV-UNGARO

ROBERTO RODRIGUEZ,

    Plaintiff,

v.

WESTERN WORLD INSURANCE COMPANY,

    Defendant.

_____/

**NOTICE OF TAKING DEPOSITION *DUCES TECUM***

PLEASE TAKE NOTICE that the undersigned attorney will take the deposition of:

| | |
|---|---|
| **NAME:** | Ethan Finley (Field Adjuster) |
| **DATE AND TIME:** | Thursday, January 6, 2022 at 10:00 a.m. |
| **LOCATION:** | Veritext – Virtual Appearance via Zoom |

Said deposition will be taken upon oral examination before Veritext Office, a Notary Public or any other Notary Public or officer authorized by law to take depositions in the State of Florida. The oral examination will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for the use at trial or for such other purposes as are permitted under the Rules of Court.

*In accordance with the Americans with Disabilities Act of 1990, persons who are disabled, and who need a special accommodation to participate in this proceeding because of that disability, should contact this court division at (305) 831-7823 not later than five business days prior to the proceeding. The TDD line for the hearing impaired is (305) 831-8288.*

## DEFINITIONS AND INSTRUCTIONS

A. "Person" and "persons" shall refer to individuals and entities, including but not limited to, joint owners, companies, partnerships, joint ventures, corporations, trusts and estates.

B. "Document" and "documents" shall refer to and all written, recorded, or graphic matter, however produced or reproduced, of every kind and description, whether produced internally or received from outside sources, including, without limiting the generality of the foregoing, and all originals, copies, and drafts, of all papers, books, letters, correspondence, memoranda, catalogs, warranties, minutes of meetings, facsimiles transfer lists, shareholder lists, opinion letters, letters of understanding, letters of intent, private placement memoranda, SEC Form 504 Offer Statements, offering statements or circulars, memoranda of telephone conversations, telegrams, photographs, prospectus, drawings, sketches, feasibility studies, interoffice communications, patents, licenses, testing reports, laboratory reports, agreements, ledgers, books of account, summaries, computer print-outs, proposals, suggestions, legal pleadings, bills of sale, indemnity agreements, security agreements, account records, vouchers, checks, invoices, drafts, receipts, bills, statistical records, notebooks, calendars, appointment books, diaries, agendas, time sheets, logs, transaction files, credit reports, notations, notes, minutes of meetings, sound records, photo records or tape recordings or other data compilations from which information can be obtained, any transcriptions thereof, bulletins, circulars, press releases, notices, instructions, advertisements, work assignments, film, videotapes, film negatives, research, articles, treatises, and including all attachments and enclosures thereto.

C. Documents shall also include matters stored in an electronic medium, such matters being, among others, voice mail messages and files; backup voice mail files; e-mail messages and files; word processing documents; spreadsheets; presentation documents; graphics; animations; images; instant messages and/or instant message logs; backup e-mail files; deleted e-mail data files; program files; backup and archived tapes; temporary files; system history files; website log files; cache files; cookies and other electronically recorded information.

D. Electronic documents shall also include matters described as accurate data; deleted data; backup data; metadata; migrated data; replicate data; residual data; and legacy data.

E. Locations on which electronic data may be found include, but are not limited to:

   a) Individual computers;

   b) Laptops;

   c) Data bases;

   e) E-mails;

   f) Servers;

   g) Home computers;

      h)     Archives;

      i)     Networks;

      j)     Computer systems, including legacy systems;

      k)     Backup tapes; and

      l)     Internet data.

F.     "All documents" and "each and every document," as used in herein means all documents of the class requested and includes all documents in the immediate possession and control of the deponent and or all documents that can be obtained from other persons subject to the direction and control of the deponent, including, but not limited to, agents, employees, officers, directors, attorney, accountants, subcontractors and consultants.

G.     If any documents are withheld on a claim of privilege, kindly provide a written response setting forth the following information:

    (a) identify the privilege claimed;

    (b) state the date the document was prepared;

    (c) state the author and recipient(s) of the document; and

    (d) state the general subject matter of the document.

H.     The parties serving this notice will require the production of original documents as stored in the ordinary course of business, or as segregated by category of response to which the documents are responsive. All documents produced in response to this notice shall be presumed to be authentic for all purposes, including, but not limited to, for use at trial and at any other proceedings in this matter. In either case, the parties serving this discovery request hereby demand an opportunity to inspect the file or container in which all documents responsive to this discovery request are stored.

I.     The term "concerning" means relating to, referring to, describing, evidencing and/or constituting.

J.     The conjunction "and" as well as the conjunction "or" shall each be interpreted in every instance as meaning "and/or" and shall not be interpreted so as to exclude any information otherwise within the scope of any discovery request.

K.     As used herein the singular shall include, the plural, the plural shall include the singular, the masculine, feminine and neuter shall include each of the other genders.

L.     "Any" shall include the word "all" and the word "all" shall include the word "any."

M.     "You" and "your" refer to the party who is being served with this subpoena, and all agents, representatives and/or employees acting or that has acted on your behalf.

N.   The deponents are requested to produce those documents that are in their possession, custody and control, as well as the possession, custody and control of his agents, representatives and employees.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served via email and/or ePortal this 18th day of May 2021 to: Troy J. Seibert, Esq., Vincent A. Fernandez, Esq., Butler Weihmuller Katz Craig LLP 400 N. Ashley Drive, Suite 2300, Tampa, Florida 33602. msmalls@butler.legal; srivera@butler.legal; rnorton@butler.legal; tseibert@butler.legal; vfernandez@butler.legal.

**SIMPSON & MENA, P.A.**
2250 Southwest Third Avenue, Suite 204
Miami, Florida 33129
Telephone: (305) 912-7665
Facsimile: (305) 503-9657
Email: alexis@simpsonmenalaw.com
katherine@simpsonmenalaw.com
filings@simpsonmenalaw.com

By: /s/Alexis M. Mena
**Alexis M. Mena, Esq.**
Florida Bar No. 117839
**Katherine Montaner-Simpson, Esq.**
Florida Bar No. 449090

## **EXHIBIT "A"**

Said deponent is to have with him at the above-indicated time and place the following:

1. All documents reviewed in preparation for this deposition.
2. All documents relating to, referring to or regarding the property located at 17231 SW 150th Court, Miami, FL 33157.
3. Your complete file(s), cover to cover, regarding the property located at 17231 SW 150th Court, Miami, FL 33157 including, without limitation, all communications between you and Defendant or anyone else regarding this property, and all photographs, videos, drawings, or other depiction or images taken of or depicting the subject property.
4. Copies of any engagement letters, contracts, agreements, assignments or emails requesting services be performed by you relating to the property located at 17231 SW 150th Court, Miami, FL 33157.
5. Time records, billings and payment records for any services performed by you or your company at the request of Defendant or anyone else regarding the property located at 17231 SW 150th Court, Miami, FL 33157.
6. Any reports, estimates or material prepared or authored by you or your company regarding the property located at 17231 SW 150th Court, Miami, FL 33157.
7. All materials supplied to you by Defendant or anyone else regarding the property located at 17231 SW 150th Court, Miami, FL 33157.
8. Copies of all documents in your possession, custody or control relating to the insured property, including but not limited to: photographs, video tapes, estimates, sketches, drawings, field notes, estimates for damage(s), reports relied upon by you, reports prepared by you or reports prepared for you or on your behalf of the Plaintiff(s) regarding the loss at the insured property.
9. The complete file maintained by you including but not limited to:

    a) All letters, memoranda, and other forms of written or computerized communications to, or from any employee of Defendant that concern, refer, or relate in any way to the adjusting, processing, evaluating or handling of the claim at issue in this action.

  b) All written or computerized records of any oral communication, whether in person or by telephone, to or from any employee of Defendant that concern, refer, or relate in any way to the processing of the subject claim.

  c) All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between you and any employee, representative or agent of Plaintiff(s), or her representatives or agents that concern, refer, or relate in any way to the subject claim(s).

  d) All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between you any employee of Defendant and any adjuster that concern, refer, or relate in any way to the subject claim(s).

  e) All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, to or from you and any employee of Defendant and its adjusters that concern, refer, or relate in any way to the decision to pay, deny, withhold, delay payment, or conditionally or partially pay Plaintiff(s)' claim.

  f) All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between you and Plaintiff(s) or her representatives or agents that concern, refer, or relate in any way to pay, deny, withhold, delay payment, or conditionally or partially pay Plaintiff(s)' claim.

  g) All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant and any third party that concern, refer, or relate in any way to the decision by any employee or agent of Defendant to pay, deny, withhold, delay payment or conditionally or partially pay Plaintiff(s)' claim.

  h) All activity logs, diaries, claim notes or logs created by you in connection with the claim at issue in this action.

  i) The file folders in which the preceding documents are kept.

  j) All reports and correspondence.

  k) Tapes - video and audio.

  l) Photographs and original negatives.

10. Copies of all documentation of whatever kind or nature in your possession, custody or control concerning the subject loss, and all files relating to Plaintiff(s), and her claim for

      damages to the insured property, including but not limited to, certified copies of any applicable insurance policies, recorded statements, documentation of the claim such as proofs of loss, damage estimates, reports or memoranda by Defendant's adjuster(s) regarding the extent of damage and the reasons for withholding of payment, or denial of payment on the subject claim.

11. Copies of all correspondence, notices, reports or other communications between you and/or Defendant's representatives and Plaintiff(s) and her representatives regarding the loss at the insured property.

12. Copies of all property damage inventories, estimates or reports prepared and received by you and upon which you relied in reaching your conclusions concerning valuation of the loss.

13. Copies of all other documents relied upon by you in reaching any conclusions regarding the Plaintiff(s)' insurance claim and the coverage and payment decisions made on Plaintiff(s)' claim, including all books, tables, depreciation tables, guides, price lists, whatsoever used by you in determining the valuation of the property or property damage sustained by the Plaintiff(s), the methods of computation used by you in arriving at valuation figures for the property, all reports, calculations, estimates and the like relied upon by you in arriving at any and all figures used in determining the damage to the property.

14. Any and all documents, statements, notes, measurements, test results and related materials relied upon by you in reaching your conclusion to make payment, deny payment, authorize payment or withhold payment of the subject claim.