IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ROBERTO RODRIGUEZ,

    Plaintiff,

CASE NO.: 1:21-CV-21336-UU

vs.

WESTERN WORLD INSURANCE
COMPANY,

    Defendant.
_____/

## JOINT SCHEDULING REPORT

Plaintiff, ROBERTO RODRIGUEZ and Defendant, WESTERN WORLD INSURANCE COMPANY (collectively, the "Parties"), pursuant to Rule 16.1(b) of the Local Rules for the Southern District of Florida ("the Local Rules") and the Court's Order Setting Initial Planning and Scheduling Conference [Doc. 3], conferred telephonically on May 14, 2021, and conferred subsequently via e-mail, hereby submit this Joint Scheduling Report.

**I.  Designation of Case Management Track:**

The Parties agree that the instant matter should be governed by the **Standard Case Management Track** as this case is a breach of contract action brought by the insured against its homeowners' insurance carrier. Plaintiff alleges that Defendant breached the terms of the policy by not affording coverage for the loss to Plaintiff's property purported by Plaintiff as having occurred on September 10, 2017. At the outset is unclear how many experts will need to be retained on either side. What is clear, is that the depositions of Plaintiff, anyone who has inspected the property or performed repairs on Plaintiff's behalf, Defendant's Corporate Representative, and Defendant's Field Adjuster will need to take place. Depositions and written discovery in these

types of cases typically take 200 days with the normal diligence of the Parties and non-parties. This time could fluctuate depending on the thoroughness of the maintenance records kept and the number of entities who have serviced the subject property. Trial should last between three to five days. For these reasons the Parties believe that the **Standard Case Management Track** is appropriate timeline for the resolution of this matter.

**II. Information required Local Rule 16.1(b):**

**(A) The likelihood of settlement**

The Parties have discussed the possibility of settlement but cannot reach any agreement at this time. The Parties will continue to address the potential for settlement and, if necessary, will thereafter participate in any court-ordered mediation or, in the alternative, proceed with a private mediation.

**(B) The likelihood of appearance in the action of additional parties**

Additional parties are not expected.

**(C) Proposed limits on the time:**

**(i) to join other parties and to amend the pleadings;**

While the Parties do not expect additional parties to appear, the Parties have agreed to **July 2, 2021**, as the deadline to joint other parties and amend the pleadings.

**(ii) to file and hear motions; and**

The Parties agree to **April 11, 2022**, as the deadline for Dispositive, *Daubert*, and *Markman* Motions; and **May 13, 2022**, for the filing of all other motions, including Motions in Limine.

**(iii) to complete discovery.**

The Parties agree that the close of discovery under the Standard Track will be **March 11, 2022.** The Parties further agree that Plaintiff will disclose its expert(s) on **October 11, 2021** and

Defendant will disclose its expert(s) on **November 11, 2021**. The parties will provide dates for expert depositions within the deadlines identified hereto after receipt of reasonable notice of same.

**(D) Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment;**

The Parties do not propose a limit to the number of motions for summary judgment or partial summary judgment. As discovery develops, the Parties will identify and consider all relevant issues and explore specific proposals for simplification of issues to be resolved by the Court.

**(E) The necessity or desirability of amendments to the pleadings;**

The Parties do not anticipate additional amendments to the pleadings. Should additional information develop through the discovery process, the Parties will endeavor to agree to any necessary amendments.

**(F) The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence;**

The Parties shall endeavor to stipulate as to the authenticity of documents well in advance of the time of trial in order to avoid any unnecessary proof during the course of trial. The Parties do not anticipate the need for the discovery of electronically stored information. The Parties will further be participating in discovery which may very well lead to admissions of certain facts to assist in streamlining the litigation of this matter and do not anticipate the need for advance rulings on admissibility of evidence.

**(G) Suggestions for the avoidance of unnecessary proof and of cumulative evidence**

The Parties will endeavor to agree wherever possible to avoid unnecessary proof and cumulative evidence.

**(H) Suggestions on the advisability of referring matters to a Magistrate Judge or master**

The Parties do not agree to referring matters beyond discovery to a Magistrate Judge.

**(I) A preliminary estimate of the time required for trial**

The Parties estimate three to five days for trial.

**(J) Requested date or dates for conferences before trial, a final pretrial conference, and trial**

The Parties anticipate a final status conference on **June 11, 2022.** The Parties anticipate being prepared for trial by **July 11, 2022.**

**(K) Any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist; and**

The Parties do not anticipate any issues relating to the above.

**(L) Any other information that might be helpful to the Court in setting the case for status or pretrial conference.**

None.

Respectfully submitted this 17th day of June, 2021.

| SIMPSON & MENA, P.A. | BUTLER WEIHMULLER KATZ CRAIG LLP |
|---|---|
| /s/ Alexis M. Mena, Esq. | /s/ Troy J. Seibert, Esq. |
| **ALEXIS M. MENA, ESQ.** <br> Florida Bar No.: 117839 <br> alexis@simpsonmenalaw.com <br> **KATHERINE MONTANER-SIMPSON, ESQ.** <br> Florida Bar No.: 449090 <br> katherine@simpsonmenalaw.com <br> 2250 Southwest Third Avenue <br> Suite 204, Miami, FL 33129 <br> filings@simpsonmenalaw.com <br> Telephone: (305) 912-7665 <br> Facsimile: (305) 503-9657 <br> *Attorneys for Plaintiff,* <br> *Roberto Rodriguez* | **TROY J. SEIBERT, ESQ.** <br> Florida Bar No.: 0084668 <br> tseibert@butler.legal <br> **VINCENT A. FERNANDEZ, ESQ.** <br> Florida Bar No.: 1004601 <br> vfernandez@butler.legal <br> Secondary:  msmalls@butler.legal <br>            srivera@butler.legal <br> 400 N. Ashley Drive, Suite 2300 <br> Tampa, Florida 33602 <br> Telephone: (813) 281-1900 <br> Facsimile: (813) 281-0900 <br> *Attorneys for Defendant,* <br> *Western World Insurance Company* |

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ROBERTO RODRIGUEZ,

    Plaintiff,

CASE NO.: 1:21-CV-21336-UU

vs.

WESTERN WORLD INSURANCE
COMPANY,

    Defendant.
_____/

## JOINT PROPOSED SCHEDULING ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL SCHEDULE

Plaintiff, ROBERTO RODRIGUEZ and Defendant, WESTERN WORLD INSURANCE COMPANY (collectively, the "Parties"), pursuant to Rule 16.1(b) of the Local Rules for the Southern District of Florida ("the Local Rules") and the Court's Order Setting Initial Planning and Scheduling Conference [Doc. 3], conferred telephonically on May 14, 2021, and conferred subsequently via e-mail, hereby submit this Joint Scheduling Order.

**A. Case Management Track**

This matter is assigned to the standard case management track pursuant to Local Rule 16.1(a)(2).

**B. Discovery Schedule Agreed to by the Parties**

The Parties shall comply with the deadlines set forth below.

| ACTION | DATE |
|---|---|
| 1. Joinder of any additional parties due by: | **07/02/2021** |
| 2. Filing of motions to amend the complaint by: | **07/02/2021** |

| | | |
|---|---|---|
| 3. | Written lists containing the names and addresses of all fact witnesses intended to be called at trial due by: | **05/13/2022** |
| 4. | Plaintiff shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by: | **10/11/2021** |
| 5. | Defendant shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by: | **11/11/2021** |
| 6. | Exchange of rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) due by: | **12/10/2021** |
| 7. | Selection of mediator due by: | **07/12/2021** |
| 8. | Fact discovery shall be completed by **[at least four months before Trial date]**: | **03/11/2022** |
| 9. | Expert discovery shall be completed by **[at least four months before Trial date]**: | **03/11/2022** |
| 10. | Dispositive motions, including those regarding summary judgment and *Daubert,* must be filed by **[at least three months before Trial date]**: | **04/11/2022** |
| 11. | Mediation shall be completed by **[at least three months before Trial date]**: | **04/11/2022** |
| 12. | All pretrial motions and memoranda of law must be filed by **[at least two months before Trial date]**: | **05/13/2022** |
| 13. | Motions in limine must be filed by **[at least two months before Trial date]**: | **05/13/2022** |
| 14. | Joint pretrial stipulation, proposed joint jury instructions, proposed joint verdict form, and/or proposed findings of fact and conclusions of law must be filed by **[at least one month before Trial date]:** | **06/04/2022** |
| 15. | Trial | **07/11/2022** |

Respectfully submitted this 17th day of June, 2021.

| SIMPSON & MENA, P.A. | BUTLER WEIHMULLER KATZ CRAIG LLP |
|---|---|
| /s/ Alexis M. Mena, Esq. | /s/ Troy J. Seibert, Esq. |
| **ALEXIS M. MENA, ESQ.** | **TROY J. SEIBERT, ESQ.** |
| Florida Bar No.: 117839 | Florida Bar No.: 0084668 |
| alexis@simpsonmenalaw.com | tseibert@butler.legal |
| **KATHERINE MONTANER-SIMPSON, ESQ.** | **VINCENT A. FERNANDEZ, ESQ.** |
| Florida Bar No.: 449090 | Florida Bar No.: 1004601 |
| katherine@simpsonmenalaw.com | vfernandez@butler.legal |
| 2250 Southwest Third Avenue | Secondary: msmalls@butler.legal |
| Suite 204, Miami, FL 33129 | srivera@butler.legal |
| filings@simpsonmenalaw.com | 400 N. Ashley Drive, Suite 2300 |
| Telephone: (305) 912-7665 | Tampa, Florida 33602 |
| Facsimile: (305) 503-9657 | Telephone: (813) 281-1900 |
| *Attorneys for Plaintiff,* | Facsimile: (813) 281-0900 |
| *Roberto Rodriguez* | *Attorneys for Defendant,* |
| | *Western World Insurance Company* |